**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**


CHRISTINA CULLUM                                                                        PLAINTIFF


v.                                        1:08CV00049 JMM/JTR


MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                 DEFENDANT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Christina Cullum, has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Supplemental Security Income ("SSI").  Both parties have submitted Appeal Briefs (docket entries #8 and #9), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  While "substantial

evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision."  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

In her Disability Report, Plaintiff alleged that she was limited in her ability to work by depression, schizophrenia, psychosis, and back disorders.  (Tr. 84.)

On January 16, 2008, the Administrative Law Judge ("ALJ") conducted an administrative hearing.  (Tr. 403-507.)  Both Plaintiff and a vocational expert testified.  On May 30, 2008, the ALJ entered his decision, which concluded that Plaintiff had not been under a disability[2] at any time through the date of his decision.  (Tr. 24-25.)

On July 10, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision; thereby making it the final decision of the Commissioner.  (Tr. 3-5.)  Plaintiff then filed her Complaint initiating this appeal.  (Docket entry #2.)

Plaintiff was 35 years old at the time of the administrative hearing.  (Tr. 488.)  She is a high school graduate with one and one-half years of college (Tr. 390.)  She has past relevant work as a receptionist and food server.  (Tr. 76, 85, 500-02.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential

---

[1]*Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

[2]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382(a)(3)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382(a)(C)(I).

evaluation process.  Step 1 involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(i) (2005).  If the claimant is, benefits are denied, regardless of medical condition, age, education, or work experience.  *Id.* at § 416.920(b).

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment.  *Id.*, § 416.920(a)(4)(ii).  If not, benefits are denied.  *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 416.920(a)(4)(iii).[3]  If so, and the duration requirement is met, benefits are awarded.  *Id.*

Step 4 involves a determination of whether the claimant has sufficient RFC, despite the impairment(s), to perform the physical and mental demands of past relevant work.  *Id.*, § 416.920(a)(4)(iv).  If so, benefits are denied.  *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.*, § 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since her protective date, September 19, 2005[4] (Tr. 13); (2) had "severe" impairments, mood disorders and a history of polysubstance disorder (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (*id.*); (4)  was not credible concerning the intensity, persistence, and limiting effects of her symptoms (Tr. 22); (5) had no limitations on her physical RFC, but was limited to work where interpersonal contact was routine but superficial, where tasks

---

[3]If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence. *Id.*, § 404.1520(e).  This RFC is then used by the ALJ in his analysis at Steps 4 or 5.  *Id.*

[4]SSI benefits are not payable for a period prior to the application.  20 C.F.R. § 416.335 (2007); *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).  An applicant must be disabled during the pendency of his or her application.  *Turley v. Sullivan*, 939 F.2d 524, 527 (8th Cir. 1991).

with several variables no more complex than those learned by experience, and she required little supervision for routine tasks but detailed supervision for tasks that were not routine (Tr. 16); (6) was unable to perform any of her past relevant work; but (7) was able to perform other work, which jobs existed in significant numbers in the national economy, including positions as a billing clerk, payroll clerk, file clerk, record clerk, and laundry, cleaning, and garment services positions.  (Tr. 24.)  Thus, the ALJ concluded that Plaintiff was not disabled.[5]  *Id.*

In her Appeal Brief (docket entry #8), Plaintiff argues that the ALJ erred: (1) in failing to recognize that she met a mental disorder Listing; and (2) in failing to fully and fairly develop her vocational profile.  The Court will address each of these arguments separately.

First, to support her argument that the ALJ erred in not finding that she met a mental disorder Listing (*Pltff.'s App. Br.* at 6-18), Plaintiff quotes at some length from § 12.00, the introduction to the mental Listings.  (*Pltff.'s App. Br.* at 10-13.)  However, she never states which mental Listing she allegedly met.  The Listed mental disorders include organic mental disorders, psychotic disorders, affective disorders, mental retardation, anxiety related disorders, somatoform disorders, personality disorders, substance addiction disorders, and autistic and other pervasive developmental disorders.  20 C.F.R. Pt. 404, Subpt. P, App. 1 Listings 12.02-12.10 (2007).  Numerous courts have held that advancing such a conclusory argument amounts to a waiver of the argument:

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.  As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers.  Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

*United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), *cert. denied*, 494 U.S. 1082 (1992) (citations omitted); *accord, Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because

---

[5]At Step 5, the ALJ utilized the testimony of a vocational expert.  *Id.*

claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); *Hartmann v. Prudential Ins. Co. of America*, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); *Leer v. Murphy*, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

In any event, in order to meet a mental Listing under § 12.00, a claimant must show that she met the Part B criteria.  In other words, she must demonstrate that: (1) she had at least two "marked" restrictions on (a) activities of daily living, (b) maintaining social functioning, and (c) maintaining concentration, persistence or pace; or (2) she had one "marked" restriction from the three characteristics and "repeated episodes of decompensation, each of extended duration."[6]

As a part of the psychiatric review technique, the ALJ found that Plaintiff had only mild restrictions on activities of daily living, moderate difficulties in social functioning, and no restriction

---

[6]        4. *Episodes of decompensation* are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace. Episodes of decompensation may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation (or a combination of the two). Episodes of decompensation may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household); or other relevant information in the record about the existence, severity, and duration of the episode.
        The term *repeated episodes of decompensation, each of extended duration* in these listings means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks. If you have experienced more frequent episodes of shorter duration or less frequent episodes of longer duration, we must use judgment to determine if the duration and functional effects of the episodes are of equal severity and may be used to substitute for the listed finding in a determination of equivalence.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00C (2007).

on concentration, persistence, or pace. (Tr. 14-15.) Since filing her application for SSI benefits, Plaintiff had at least three episodes of decompensation, but each had been preceded by the use of amphetamines and/or cannabinoids, and none of these episodes were of extended duration. (Tr. 15.) Plaintiff does not challenge these findings. Therefore, Plaintiff could not meet any mental Listing.

Second, Plaintiff argues that the ALJ erred in failing to fully and fairly develop her vocational profile. (*Pltff.'s App. Br.* at 18-19.) According to Plaintiff, it is settled law in this Circuit that, once she demonstrates that she is unable to perform her past relevant work, the burden shifts to the Commissioner to show that she retains the RFC to do other kinds of work.[7] (*Pltff.'s App. Br.* at 18.) While that is a correct statement of the law, it fails to explain how the ALJ allegedly erred in not developing Plaintiff's "vocational profile," especially since it is always the claimant's burden to prove her RFC. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Masterson v. Barnhart*, 383 F.3d 731, 737 (8th Cir. 2004); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

Plaintiff also contends that the ALJ's hypothetical question to the vocational expert was incomplete because it contained no limitations related to her being schizophrenic, delusional, paranoid, and unable to work around people. (*Pltff.'s App. Br.* at 19.) However, after making this conclusory assertion, Plaintiff cites to nothing in the record to support this contention.[8]

There is considerable evidence in the record that contradicts Plaintiff's alleged inability to work around others. She reported good relationships with coworkers and neighbors. (Tr. 399.) In

---

[7]At Step 5, it is the Commissioner's burden to prove that there are other jobs in the national economy that the claimant can perform. Nothing at Step 5, however, shifts the burden of proof to the Commissioner to prove the claimant's RFC.

[8]Much earlier in her Appeal Brief, there is a reference to schizophrenia in a laundry list of diagnoses. (*Pltff.'s App. Br.* at 4.) Inspection of that portion of the record shows that it was from 1999 and the medical note states only "rule out schizophrenia." (Tr. 137.) A psychologist that Plaintiff was seeing in 2004 did *not* think that she suffered from schizophrenia. (Tr. 358.) She told another psychologist in 2006 that schizophrenia was an improper diagnosis. (Tr. 401.)

a 2006 function report, she did not endorse an inability to follow instructions or get along with others. (Tr. 104.)  She reported spending time with others, chatting, playing cards, playing pool, or horseshoes. (Tr. 114.)  A psychologist who examined her in 2006 noted:

> This individual has the ability to understand, carry out and remember instructions. There appears to be a good capacity to respond to supervision, and the most likely area of difficulty is her reported depression.  There appears to be the capacity to respond appropriately to coworkers, and the most likely area of difficulty here is her reported depression.  This individual would probably respond adequately to work pressure in a work setting if she received treatment.

(Tr. 401.)

The Court concludes that the ALJ's hypothetical question to the vocational expert adequately portrayed her mental limitations.  Substantial evidence supported the inclusion of certain impairments and the exclusion of others.  *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) (hypothetical may omit evidence not substantially supported by record as a whole); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (hypothetical question need only include impairments accepted by ALJ as true).[9]

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the Appeal Briefs, the ALJ's decision, the transcript of the hearing, the medical and other evidence.  The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also, Reutter*

---

[9]Even if the hypothetical question was inadequate, Plaintiff's counsel could have corrected any omission when he cross-examined the vocational expert.  He did not. (Tr. 505.)  Such a failure to raise the argument at the administrative level ordinarily prevents a party from raising it in judicial proceedings. *Weikert v. Sullivan*, 977 F.2d 1249, 1254 (8th Cir. 1992); *accord, Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999); *White v. Astrue*, 2008 WL 565426, at *3 (E.D. Ark.).

*ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed, with prejudice.

DATED this 14th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE